UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA FERNANDEZ EMLEY,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY, et al.,<br>Defendants. | Case No. 25-cv-11031-VC<br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br>Re: Dkt. No. 25 |

Fernandez Emley's motion for attorneys' fees and costs is granted in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

In addition to costs (which are verified and undisputed), Fernandez Emley seeks a total of $27,274.80 in attorneys' fees. Much of this request is reasonable. For example, the requested hourly rates for her attorneys fall within an appropriate range for lemon law attorney rates in this district. *See Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2 (N.D. Cal. Mar. 10, 2022). However, several reductions in the requested amount are warranted.

1. First, given the relative simplicity of this case, a lodestar multiplier is not justified. *See Zhang v. BMW of North American, LLC*, 2018 WL 11357141, at *6–7 (C.D. Cal. Nov. 29, 2018); *see also id.* at *7 ("A contingent risk does not require the application of a fee multiplier."). This reduces the total by $4,545.80.

2. Because "block billing makes it more difficult to determine how much time was spent on particular activities," it is appropriate to reduce the $4,500 flat rate for all services rendered prior to the preparation of the Complaint and related documents in this matter. *Welch v.*

*Metropolitan Life Insurance Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The Court finds that a fifty percent reduction is reasonable. This reduces the total by $2,250.

3. The billing statement includes estimated time to prepare this fee motion, including time to appear at the hearing. But because the Court vacated the hearing, *see* Dkt. No. 30, it is appropriate to reduce this estimate by one hour. This reduces the total by $565.

4. Counsel billed over six hours to prepare the Case Management Statement in March 2026. These hours were "not reasonably expended because they [were] 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A fifty percent reduction is appropriate. This reduces the total by $1,082.50.

5. Finally, many of the costs incurred after Ford served its Rule 68 offer, including in connection with the parties' discovery dispute, were not "reasonably incurred . . . in connection with the commencement and prosecution of [this] action." Cal. Civ. Code § 1794(d). A fifty percent reduction is appropriate. This reduces the total by $586.75.

Ford is therefore directed to pay Fernandez Emley the following amounts pursuant to the Song-Beverly Act:

1. Attorneys' fees in the amount of $18,244.75.
2. Reimbursement of costs in the amount of $635.59.

**IT IS SO ORDERED.**

Dated: October 1, 2026

VINCE CHHABRIA
United States District Judge